NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NIKE, INC.,**
*Appellant*

**v.**

**LULULEMON ATHLETICA CANADA INC.,**
**LULULEMON USA INC.,**
*Appellees*

---

2024-2134

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2023-00438.

---

Decided:  August 5, 2026

---

AARON PATRICK BOWLING, Arnold & Porter Kaye Scholer LLP, Chicago, IL, argued for appellant.  Also represented by MICHAEL JOSEPH HARRIS, CHRISTOPHER J. RENK; MICHAEL J. SEBBA, Los Angeles, CA; JONATHAN SWISHER, San Francisco, CA.

SETH W. LLOYD, Morrison & Foerster LLP, Washington, DC, argued for appellees.  Also represented by BRIAN

2        NIKE, INC. v. LULULEMON ATHLETICA CANADA INC.

ROBERT MATSUI; MEHRAN ARJOMAND, ALEX S. YAP, Los Angeles, CA; KYLE W.K. MOONEY, New York, NY.

———————————

Before MOORE, *Chief Judge*, CHEN, *Circuit Judge,* and BISSOON, *Chief District Judge.*[1]

BISSOON, *Chief District Judge.*

Patent owner Nike, Inc. (Nike) appeals the final written decision of the Patent Trial and Appeal Board (Board) regarding the inter partes review of U.S. Patent No. 8,620,413 ('413 patent). The Board determined that the petitioner, lululemon athletica canada inc. and lululemon usa inc. (Lululemon), had shown by a preponderance of the evidence that all of the challenged claims (1–5, 7, 9, 12–14, and 17–19) were unpatentable. We will *affirm*.

BACKGROUND

The '413 patent addresses:

> A watch or other type of portable electronic console that employs a number of different functions in order to improve its usability. The watch may, for example, allow a user to connect the watch to one or more remote electronic devices, such as an electronic performance sensor or MP3 player. The watch then displays information related to the connected electronic devices.

J.A. 52, '413 patent abstract, code (57) (cleaned up).

Independent claims 1, 12 and 17 were challenged, and claim 1 is representative:

———————————

[1] Honorable Cathy Bissoon, Chief District Judge, United States District Court for the Western District of Pennsylvania, sitting by designation.

1. An apparatus comprising:

a processor; and

a memory storing instructions that, when executed by the processor, cause the apparatus at least to:

prompt a user to exercise at a plurality of successive exertion levels, wherein an exertion level is based on a level of physical fitness of a user;

determine a plurality of heart rate zones based on first heart rate measurements received from a sensor while the user exercises at the plurality of successive exertion levels;

generate a prompt instructing a user to exercise while maintaining heart rate within a particular one of the plurality of heart rate zones;

process second heart rate measurements received from the sensor subsequent to generating the prompt; and

determine whether the second heart rate measurements are within the particular heart rate zone.

J.A. 68, '413 patent at 18:4-23.

The Board found claims 1, 5, 7, 12 and 17 anticipated by the prior art in *Amano*,[2] J.A. 25-41; claims 2, 3, 4, 13 and 18 were rendered obvious by *Amano* in combination

---

[2]    US Patent No. 6,241,684 B1 (Amano), J.A. 142-213.

4        NIKE, INC. v. LULULEMON ATHLETICA CANADA INC.

with *Gorman*,[3] J.A. 41-46; and claims 9, 14 and 19 were rendered obvious by *Amano* combined with *Flach*.[4] *Id.*

Nike timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4) and 35 U.S.C. §§ 141(c), 319.

## DISCUSSION

We review the Board's claim construction based on intrinsic evidence de novo, and any subsidiary fact findings involving extrinsic evidence for substantial evidence. *Seabed Geosols. (US) Inc. v. Magseis FF LLC*, 8 F.4th 1285, 1287 (Fed. Cir. 2021). Anticipation is a question of fact we review for substantial evidence. *Ericsson Inc. v. Intell. Ventures I LLC*, 890 F.3d 1336, 1338 (Fed. Cir. 2018). Whether a skilled artisan would have been motivated to combine prior art references is a question of fact we review for substantial evidence. *CyWee Grp. Ltd. v. ZTE (USA), Inc.*, 90 F.4th 1358, 1366 (Fed. Cir. 2024).

None of Nike's arguments warrant reversal. The Court will address them in seriatim.

Nike first argues that the Board erroneously construed a limitation requiring the apparatus to "prompt [the] user to exercise at a plurality of successive exertion levels, wherein . . . *exertion level is based on a level of physical fitness of a user*." Appellant's Br. 24-33 (emphasis added). Nike contends that the Board removed the word "level," and then erroneously determined that a user's "'physical characteristics or attributes' may be used in 'assessing or understanding a level of a user's physical fitness.'" *Id.* at 25 (internal quotations in original).

---

[3]    US Patent No. 5,400,794 (Gorman), J.A. 268-83.

[4]    US Patent Application Publication No. 2001/0023315 (Flach), J.A. 284-308.

Nike's linguistic gymnastics bear little relation to the Board's actual analyses. The Board highlighted that Nike's proposed construction – that exertion level "takes into account an individual user's particular physical fitness condition" – injected more ambiguity than clarity. J.A. 12, 14. On this point, the Court agrees. At bottom, moreover, the parties' positions reflect disagreement as to what characteristics may be considered in assessing "an individual user's particular physical fitness condition."

Turning to the central matter, the Court finds no fault in the Board's reasoning. It explained how an embodiment in *Amano* prompted the user to increase exercise intensity, said intensity being "measured and subsequently increased" based on her or his "stride length and weight." J.A. 22 (cited source omitted). The Board highlighted the "broad phrasing" utilized in the patent—"based on a level of physical fitness"—and its failure to offer "meaningful explanation of what [it] encompassed." *Id.* at 27-28. It found, based on a fully developed record, that "level of physical fitness" may be conveyed through physical characteristics, such as stride length and body weight, when such characteristics are viewed in relation to one another. *Id.* at 28.

Even under a de novo standard, which Nike requests the Court to adopt by framing the Board's decision as an implicit claim construction, we must reject Nike's argument that certain physical characteristics cannot be included in evaluating a "level of physical fitness." As the Board noted, the claim's "broad phrasing" suggests "level of physical fitness" should not be limited, and the '413 patent specification does not further cabin the term. *See, e.g.,* '413 patent 2:15-18 (noting an athlete may wish to measure "multiple performance indicators"); '413 patent 15:5-10 (noting that heart rate zones may be calculated using "a general estimate of the athlete's fitness condition"). Moreover, the patent owner's response to an examiner's

rejection over Lubell[5] during the '413 patent's prosecution history merely suggests that a prescribed fitness test which is the same for all users is not "based on a level of physical fitness of a user." *See* J.A. 455. That response does not indicate which attributes may or may not contribute to a determination of physical fitness level.

Substantial evidence supports the Board's finding that *Amano* anticipates limitation 1[C]. Nike contends that *Amano*'s prompts to increase "exercise intensity" equated only to increasing "pitch" (speed) – an adjustment unrelated to the user's level of physical fitness. But the Board demonstrated the "logical and evidentiary shortcomings" of Nike's interpretation. *Id.* at 30. It weighed the competing experts' testimony and opinions, found Lululemon's expert more credible and took the extra step of (convincingly) harmonizing Nike's expert testimony. *Id.* at 31-32.

Substantial evidence supports the Board's finding that *Amano* anticipates limitation 1[D]. As for Nike's argument that the Board erred in combining distinct embodiments in *Amano*, Lululemon is correct that the embodiments were not, in fact, distinct. Appellee's Br. 34-36. The relevant embodiments expressly incorporated methods explained in *Amano's* prior-described embodiments, and the Board permissibly credited Lululemon's expert testimony that ordinarily skilled artisans would understand *Amano*'s "homogenous" disclosure. J.A. 38-39; *see also Blue Calypso, LLC v. Groupon, Inc.*, 815 F.3d 1331, 1344 (Fed. Cir. 2016) ("[A] reference may still anticipate if that reference teaches that the disclosed components or functionalities may be combined and one of skill in the art would be able to implement the combination.").

Finally, substantial evidence supported the Board's findings regarding the motivation to combine *Amano* with

---

5    U.S. Patent No. 4,566,461 (Lubell), J.A. 242–55.

*Gorman* and *Flach*. The Board cited testimony from Lululemon's expert regarding all of the matters addressed by Nike. *See* J.A. 42–46.

The Board provided reasons for rejecting each of Nike's positions, and they will not improve with repetition here. We affirm the Board's construction and conclude the Board's decision regarding anticipation and motivation to combine was supported by substantial evidence.

## CONCLUSION

We have considered Nike's remaining arguments, and none of them are persuasive. The Board did not err, and its decision was supported by substantial evidence. We therefore *affirm*.

**AFFIRMED**

COSTS

Costs to Lululemon.